## Bankers Securities Corp. v. Philadelphia School District

*Folz, Bard, Kamsler, Goodis & Greenfield*, for appellant.

*Edward B. Soken*, for appellee.

Bok, P. J., April 10, 1958.—This is an appeal from an assessment by the School District of Philadelphia for general business taxes under the Act of May 23, 1949, P. L. 1669, as amended, 24 PS §584.1 et seq. The Department of Collections, as collector of the general

business tax for the School District of Philadelphia, has assessed petitioner in the sum of $3,080.21, plus interest and penalties, based upon $3,080,209 in dividends and profits received from securities investments during calendar year 1954.

Section 3 of the Act of May 23, 1949, as amended, imposes on every person, including corporations (section 1(1)), engaging in business in any school district of the first class an annual tax at the rate of one mill on each dollar of annual receipts. Only "receipts" are taxed, and the taxpayer must be engaged in "business". Section 1 of the act sets forth the following definitions:

"(2) 'Business'. Carrying on or exercising for gain or profit within a school district of the first class, any trade, business, including financial business as hereinafter defined, profession, vocation, or commercial activity, or making sales to persons within such school district. . . .

"(5) 'Receipts'. Cash, credits, property of any kind or nature, received in or allocable to a school district of the first class from any business or by reason of any sale made, including resales of goods . . . taken by a dealer as a trade-in or as part payment for other goods, wares or merchandise or services rendered or commercial or business transaction had within a school district of the first class. . . ."

Petitioner is engaged in numerous enterprises. It operates the Snellenburg department store, four central city hotels, Adelphia Hotel, John Bartram Hotel, Essex Hotel and Sylvania Hotel, and has several real estate holdings. From these sources petitioner realized gross income of about $27,000,000 for the year 1955. Petitioner also owns securities worth more than $50,-000,000. Dividends on these securities, and profits on sales thereof, totaled $3,080,209 in 1954. No business tax was paid on this income. The school district contends that the dividend income formed part of the re-

ceipts of petitioner and is, therefore, taxable. Petitioner argues that the mere receipt of income is not a taxable activity.

The thrust of petitioner's argument is that the ownership of stock does not fall within the statute's definion of a "business". In support of this position, petitioner cites several cases holding that the mere ownership of property and the passive receipt of income does not constitute a "business". Illustrative is Petition of Sutro & Son Co., Inc., Tax Review Board, no. 40.04-193—40.04-196, June 8, 1955, C. C. H. Pennsylvania State Tax Reporter, ¶200-512, dealing with the Philadelphia Mercantile Tax Ordinance. Wheatley Corporation and Sutro Corporation were holding companies with extensive stock investments. The activity of Wheatley was limited to investing and reinvesting its funds, collecting the income therefrom and distributing all of it to its shareholders. The same was true of Sutro except that it performed certain management services for a wholly owned subsidiary located in Florida. The board, relying on A. H. Geuting Company v. City of Philadelphia, 1 D. & C. 2d 341 (1954), held that the mere ownership of property and the receipt of income therefrom did not constitute a "business". It therefore concluded that Wheatley was not subject to the tax. With respect to Sutro, it had this to say:

"The subsidiary is an operating company, incorporated in Florida, which operates a citrus business in that state. The services performed by Sutro, for which it receives a fee of about five thousand dollars ($5,000) a year, relate to the management of this business. *We have no doubt that such activity on the part of Sutro constituted the doing of business,* but it appears from the record that all of these management services were rendered in Florida. This leads us to the conclusion that Sutro did not engage in any taxable business activity in Philadelphia." (Italics supplied.)

The clear implication of the Sutro case is that if a corporation engages in any activity beyond the mere holding of property, it will be considered a "business". In view of the fact that petitioner operates a department store, four hotels and numerous other properties in Philadelphia, it would seem clear beyond peradventure that petitioner is a "business" within the meaning of the statute. Of course, petitioner does not contend that the receipts of the department store and the hotels are not taxable. Instead, it argues that its investment activities should be regarded as separate from its other activities. I can find no basis for making such a distinction. The department store, the hotels and the stock are all owned by the same corporation. The investments, some $50,000,000, obviously enhance the credit standing of the other enterprises. There is no separate dividend policy with respect to the stock investment income as compared with the income from other sources. Under the circumstances, it would not be realistic to regard investing as a separate activity.

Petitioner also argues that, in any event, the legislature did not intend to tax income from investments. In support of this contention, petitioner cites Breitinger v. Philadelphia, 363 Pa. 512 (1950), where the Philadelphia wage tax was so interpreted. However, there the tax was imposed on "salaries, wages, commissions and other compensation *earned* after January 1, 1940. . . ." (Italics supplied.) In holding that the ordinance did not apply to passive income, the court said:

"The ordinance makes a distinction between net profits earned, as taxable income, and net profits not taxable because not gain resulting from professional or business activity as defined in the ordinance."

The general business tax does not make this distinction. The definition of taxable receipts, set forth above, is extremely broad. The items subject to the tax in-

clude: "Cash, credits, property of any kind or nature, received in . . . a school district from any business. . . ." There is no room for differentiating between earned and passive income. In view of the difference in the statutory language, the Breitinger case is inapposite. I conclude, therefore, that the income·from a business' investments is subject to the general business tax.

The appeal is dismissed.

*Final Order*

The appeal is dismissed.